*The PRESIDENT.
It was objected by the defendant’s counsel, that this action ought not to have been sustained, the bond having been made payable to the commonwealth, instead of the justices, as required by the ordinance of convention passed in 1776, Ch. 5, Sec. 8, which gives the remedy to individuals injured by a breach of it.
Jf the counsel had been correct in his premises, his conclusion would have been right; but there was'at the time of passing this ordinance, a prior subsisting law of 1748 amended by another in 1753, which directed the giving of bonds of this sort, payable to the king, and pointing out the same remedy to individuals, injured by a breach of them. This law amongst others, was by the same ordinance of convention declared to be in force, and the legislature in 1782 considered it as being in force, by referring to and repealing part of it.
*426 The bond in question, pursues the form of those laws, substituting the commonwealth for the king.
Upon the merits the plaintiff is right; but the court is of opinion that there is error in the judgment, in attaching the recovery to Catharine Cauthorne as to future injuries, excluding all others.
The judgment therefore must be reversed for this error, and entered, “that the commonwealth recover against the defendants the said sum of A1000 and the costs, but to be discharged by the .payment- of the damages by the jury assessed for the benefit of Catharine Cauthorne, and the costs, and such other damages as may be hereafter assessed upon suing out a scire facias and assigning new breaches by the said Catha-rine, or by any other person or persons injured.”